1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3   A. G.,                                      Case No.: 3:20-cv-00365-WGC

4         Plaintiff                             **Order**

5   v.                                          Re: ECF Nos. 1, 1-1

6   COMMISSIONER OF SOCIAL SECURITY,

7         Defendant

8

9         Before the court is Plaintiff's application to proceed in forma pauperis (ECF No. 1) and

10  complaint (ECF No. 1-1).

11        **I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

12        A person may be granted permission to proceed in forma pauperis (IFP) if the person

13  "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the

14  person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of

15  the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

16  § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28

17  U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

18        In addition, the Local Rules of Practice for the District of Nevada provide: "Any person

19  who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

20  [IFP]. The application must be made on the form provided by the court and must include a

21  financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

22        "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

23  particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

1    (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be

2    absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours &*

3    *Co.,* 335 U.S. 331, 339 (1948).

4         A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;

5    therefore, the application is granted.

6                                    **II. SCREENING**

7         "[T]he court shall dismiss the case at any time if the court determines that-- (A) the

8    allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

9    to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

10   defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

11        Dismissal of a complaint for failure to state a claim upon which relief may be granted is

12   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

13   tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

14   court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

15   F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

16   state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

17   Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

18   Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

19   232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

20        The court must accept as true the allegations, construe the pleadings in the light most

21   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

22   395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

23

1  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

2  (1980) (internal quotation marks and citation omitted).

3       A complaint must contain more than a "formulaic recitation of the elements of a cause of

4  action," it must contain factual allegations sufficient to "raise a right to relief above the

5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

6  must contain something more … than … a statement of facts that merely creates a suspicion [of]

7  a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a

8  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at

9  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10      A dismissal should not be without leave to amend unless it is clear from the face of the

11 complaint that the action is frivolous and could not be amended to state a federal claim, or the

12 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

13 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

14      Plaintiff's complaint, which appears to be filed on behalf of a minor, names the

15 Commissioner of Social Security. The complaint alleges that Plaintiff was born with

16 gastroschisis (intestines outside the body), and has had several procedures due to this condition,

17 but the problems persist and she may require another surgery. The complaint goes on to allege

18 that Plaintiff has been fighting disability, and appealing decisions for four years now and that

19 Social Security failed to review all evidence pertaining to this case. (ECF No. 1-1.)

20      Federal courts have sole jurisdiction to conduct judicial review of the Social Security

21 Administration's determination in this regard. *See* 42 U.S.C. § 405(g). The court will construe

22 Plaintiff's allegations as asserting that she has exhausted all remedies within the Social Security

23 Administration, meaning that she received denials initially and on reconsideration, that she

3

1 received an adverse decision from an administrative law judge (ALJ), and that she appealed to

2 the Appeals Council and the Appeals Council denied review. *See* 42 U.S.C. § 405(g); 20 C.F.R.

3 §§ 404.900(a), 416.1400(a). Therefore, Plaintiff's complaint shall proceed.

### III. CONCLUSION

4

5     (1) Plaintiff's application to proceed IFP (ECF No. 1) is **GRANTED**. Plaintiff is

6        permitted to maintain this action without the necessity of prepayment of fees or costs

7        or the giving of security therefor. This order granting IFP status does not extend to the

8        issuance of subpoenas at government expense.

9     (2) The complaint shall **PROCEED**. The Clerk is instructed to **FILE** the complaint (ECF

10        No. 1-1).

11     (3) The Clerk shall **SERVE** the Commissioner of the Social Security Administration by

12        sending a copy of the summons and complaint by certified mail to: (1) Office of the

13        Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St.,

14        Suite 899, San Francisco, CA 94105-1545; and (2) the Attorney General of the

15        United States, Department of Justice, 950 Pennsylvania Ave., N.W., Room 4400,

16        Washington, D.C., 20530.

17     (4) The Clerk shall **ISSUE** a summons to the United States Attorney for the District of

18        Nevada and deliver the summons and a copy of the complaint to the U.S. Marshal for

19        service to the U.S. Attorney's Office at 400 S. Virginia Street, Suite 900, Reno,

20        Nevada 89501.

21     (5) From now on, Plaintiff, or counsel, shall serve upon the defendant, or the defendant's

22        attorney, a copy of every pleading, motion or other document submitted for

23        consideration by the court. Plaintiff shall include with the original paper submitted for

1    filing a certificate stating the date that a true and correct copy of the document was

2    mailed to defendant or defendant's counsel. The court may disregard any paper

3    received by a district judge, magistrate judge, or clerk which fails to include a

4    certificate of service.

5    (6) Any future filing referring to the minor Plaintiff should use the minor's initials instead

6    of the minor's full name. LR IC 6-1(a)(2).

7  **IT IS SO ORDERED**.

8  Dated: August 18, 2020

9                                                    _William G. Cobb_
                                                     William G. Cobb
10                                                   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23