|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| HYAPATIA GATHERS, O/B/O MINOR CHILD, A.G., | | Case No.: 3:20-cv-00365-WGC |
| Plaintiff | | **Order** |
| v. | | Re: ECF No. 11 |
| ANDREW SAUL, Commissioner of Social Security Administration | | |
| Defendants | | |

Before the court is Defendant Andrew Saul's (Commissioner of Social Security Administration) Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 11, 11-1.) Despite being given an extension of time, Plaintiff did not file a response.

After a thorough review, the Commissioner's motion is granted.

**I. BACKGROUND**

On June 17, 2020, Plaintiff Hyapatia Gathers filed an application to proceed *in forma pauperis* (IFP) and pro se complaint on behalf of minor child A.G.. (ECF No. 1-1)

On August 18, 2020, the court issued an order granting the IFP application, allowed Plaintiff's complaint to proceed, and the complaint was filed. The complaint seeks review of the disability determination of the Social Security Administration as to the minor's application for Social Security benefits. (ECF Nos. 4, 5.) An appearance was entered on behalf of the Commissioner on August 20, 2020. (ECF No. 8.) The court granted the Commissioner's request

for an extension of time to file the certified administrative record and answer the complaint. (ECF No. 10.) On December 15, 2020, the Commissioner filed this motion to dismiss the complaint as time-barred. (ECF No. 11.) On February 10, 2021, the court gave Plaintiff an additional 30 days to file a response to the motion to dismiss (ECF No. 12), but as of the date of this order, Plaintiff has not filed a response.

## II. DISCUSSION

A Social Security claimant has 60 days from the date he or she is mailed notice of the Appeals' Council's denial of review of an administrative law judge's (ALJ) decision to file an action in the United States District Court requesting review of the Social Security Administration's decision. 42 U.S.C. § 405(g). The claimant is presumed to have notice of the Appeals' Council decision five days after the date of the Appeals Council's notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(a), (c).

The 60-day time limit for bringing suit in federal court "constitutes a statute of limitations." *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citations omitted). The statute of limitations defense may be raised in a motion to dismiss "if the running of the statute is apparent from the face of the complaint." *Id*. (citation omitted). The 60-day limitations period is subject to equitable tolling. *Id*. (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)).

Here, the running of the sixty-day limit is not clear from the face of the complaint; however, the court may take judicial notice of the information concerning the case taken from the Electronic Disability case processing, set forth in the Declaration of Christianne Voegele, who is the Chief of Court Case Preparation and Review for Branch 1 of the Office of Appellate Operations for the Social Security Administration. (ECF No. 11-1.) *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018) (an exception to the general rule that a

court may not consider matters outside the pleadings when ruling on a motion to dismiss is the court may consider matters of which it may take judicial notice under Federal Rule of Evidence 201; Rule 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute"). Therefore, the court may still resolve this matter through a motion to dismiss without converting the motion to one for summary judgment.

The Commissioner presents evidence that Plaintiff filed the application for benefits on behalf of the minor child on March 23, 2016. The application was denied initially and on reconsideration, and Plaintiff had a hearing before an ALJ. The ALJ denied relief in a decision dated April 22, 2019. (ECF No. 11-1 at 5-20.) Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request for relief on March 26, 2020. (ECF No. 11-1 at 27-32.) The Appeals Council specifically informed Plaintiff she had 60 days to file a civil action if she disagreed with the determination, and that the Social Security Administration would assume she received the Appeals Council's notice five days after the date of the notice, and if she required an extension, she could request one in writing. (*Id.* at 29.)

The deadline for Plaintiff to file the action in federal court was 65 days from the date of the Appeal's Council notice, or May 30, 2020. The complaint was filed on June 17, 2020, and there is no evidence in the record that Plaintiff requested an extension. Nor has Plaintiff responded to show any grounds for equitable tolling. Therefore, the complaint is untimely.

Since the defect cannot be cured by amendment, the complaint will be dismissed with prejudice.

### III. CONCLUSION

The Commissioner's Motion to Dismiss (ECF No. 11) is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**, and the Clerk shall enter **JUDGEMENT** in the Commissioner's favor.

**IT IS SO ORDERED**.

Dated: April 29, 2021

                                                   _William G. Cobb_
                                                   William G. Cobb
                                                   United States Magistrate Judge